FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 2 2022

TAMMY H. DOWNS, CLERK
By:_____
                DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAYLA JACKSON, Individually and on	PLAINTIFF
Behalf of All Others Similarly Situated

vs.	No. 4:22-cv-93-JM

PRAIRIE COUNTY, ARKANSAS	DEFENDANT

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Cayla Jackson individually and on behalf of all others similarly situated, by and through her attorneys Colby Qualls and Josh Sanford of the Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Prairie County, Arkansas ("Defendant"), states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees, as a result of Defendant's policy and practice of failing to pay Plaintiff and all other similarly situated employees lawful overtime compensation for hours worked in excess of forty per week.

This case assigned to District Judge Moody
and to Magistrate Judge Ray

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Prairie County.

8. Defendant is a geographic and political subdivision of Arkansas.

9. Defendant operates the Sheriff's department wherein Plaintiff was employed within the three years preceding the filing of this lawsuit.

10. Defendant can be served through the Prairie County Judge, who is Mike Skarda, at 200 Courthouse Square, Des Arc, Arkansas 72040.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant is an "employer" within the meaning set forth in the FLSA and the AMWA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

14. Plaintiff was employed by Defendant as a Jailer from April of 2020 until October of 2020, and as a Dispatcher from October of 2020 until November of 2021.

15. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and the AMWA and paid her an hourly rate.

16. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

17. Defendant also employed other Jailers and Dispatchers within the three years preceding the filing of this lawsuit.

18. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

19. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

20. Defendant operates the Prairie County Sheriff's Department where Plaintiff was employed within the past three years as a Jailer and a Dispatcher.

21. At all relevant times herein, Defendant directly hired Jailers and Dispatchers to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Plaintiff regularly worked over forty hours in a week.

23. As both a Jailer and as a Dispatcher, Plaintiff was generally scheduled to work seven twelve-hour shifts within a two-week period.

24. Upon information and belief, other Jailers and Dispatchers had similar schedules to Plaintiff and also regularly worked over forty hours in a week.

25. Plaintiff and other Dispatchers and Jailers were regularly required to work additional hours outside their scheduled shifts.

26. For example, Dispatchers were required to arrive to their shift 10 to 15 minutes before their scheduled start time.

27. Additionally, as both a Dispatcher and a Jailer, Plaintiff was occasionally required to come in to work on her day off. Other Dispatchers and Jailers were also occasionally required to work on their days off.

28. Plaintiff and other Dispatchers and Jailers were not paid for all hours worked.

29. Plaintiff and other Dispatchers and Jailers were generally required to record only 84 hours during a two-week period.

30. When Plaintiff and other Dispatchers and Jailers were permitted to record additional hours, they were either paid their regular hourly rate (i.e., were not paid an overtime premium) or were paid with comp time. Upon information and belief, the comp time was paid out at a 1:1 ratio rather than at 1.5 times the additional hours worked.

31. Upon information and belief, Defendant takes advantage of the election available to it under 29 U.S.C. § 203 as a public agency and has established a work period of 86 hours over 14 days for law enforcement activities.

32. However, pursuant to 29 C.F.R. § 553.211(g), a dispatcher is a "civilian" employee and is expressly not included in the term "employee in law enforcement activities."

33. Defendant failed to pay Plaintiff and other Jailers and Dispatchers for all hours worked.

34. Defendant failed to pay Plaintiff and other Dispatchers a proper overtime rate for hours worked over 40 each week.

35. Defendant failed to pay Plaintiff and other Jailers a proper overtime rate for hours worked over 86 in a two-week period.

36. Defendant did not pay Plaintiff and other Jailers and Dispatchers for all hours worked.

37. Defendant knew or should have known that Plaintiff and other Jailers and Dispatchers were working additional hours off-the-clock for which they were not compensated.

38. At all relevant times, Defendant has deprived Plaintiff and other Jailers and Dispatchers of regular wages and overtime compensation for all hours worked.

39.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

40.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.     Overtime premiums for all hours worked over forty in any week;

    B.     Liquidated damages; and

    C.     Attorney's fees and costs.

42.     Plaintiff proposes the following collective under the FLSA:

**All Jailers and Dispatchers in the past three years.**

43.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid hourly;

B. They worked overtime in at least one week within the three years preceding the filing of this lawsuit;

C. They were subject to Defendant's common policy of requiring Jailers and Dispatchers to work off the clock; and

D. They were subject to Defendant's common policy of failing to pay Jailers and Dispatchers for all hours worked.

46. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

50. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

55. Defendant failed to pay Plaintiff for all hours worked.

56. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

62. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

66. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

67. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked.

68. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

69. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

70. Defendant knew or should have known that its actions violated the FLSA.

71. Defendant's conduct and practices, as described above, were willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

75. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

76. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

77. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5 times regular wages

for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

79. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

80. Defendant failed to pay Plaintiff for all hours worked.

81. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

82. Defendant knew or should have known that its practices violated the AMWA.

83. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cayla Jackson, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective action members, and the Court for all the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and the attendant regulations;

  D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

  E. Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA and the attendant regulations;

  F. Judgment for liquidated damages pursuant to the FLSA, the AMWA and the attendant regulations, in an amount equal to all unpaid overtime compensation;

  G. For a reasonable attorney's fee, costs and pre-judgment interest; and

  H. Such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          **CAYLA JACKSON, Individually**
          **and On Behalf of All Others**
          **Similarly Situated, PLAINTIFF**

          SANFORD LAW FIRM, PLLC
          Kirkpatrick Plaza
          10800 Financial Centre Pkwy, Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040

          /s/ Colby Qualls
          Colby Qualls
          Ark. Bar No. 2019246
          colby@sanfordlawfirm.com

          /s/ Josh Sanford
          Josh Sanford
          Ark. Bar No. 2001037
          josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAYLA JACKSON, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 4:22-cv-____

**PRAIRIE COUNTY, ARKANSAS**          **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly Jailer or Dispatcher for Prairie County, Arkansas, within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CAYLA JACKSON**
February 2, 2022

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**