IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAYLA JACKSON, Individually and on**                                   **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 4:22-cv-93-JM

**PRAIRIE COUNTY, ARKANSAS**                                         **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Named Plaintiff Cayla Jackson, individually and on behalf of others similarly situated (together "Plaintiffs"), and Defendant Prairie County, Arkansas, by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Liability Settlement:

1. Named Plaintiff initiated this action on February 2, 2022, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA"). *See* ECF No. 1. Named Plaintiff asserted that Defendant failed to pay her and other similarly situated dispatchers and jailers properly for hours worked over 84 in any two week period. *Id.* Specifically, Named Plaintiff alleged that dispatchers and jailers were generally required to record only up to 84 hours of work per week regardless of the actual number of hours worked, and that when they were allowed to report hours above this threshold, these hours were improperly paid at Plaintiffs' regular rates rather than at 1.5 times Plaintiffs' regular rates. *Id.*

Page 1 of 6
Cayla Jackson, et al. v. Prairie County, Arkansas
U.S.D.C. (E.D. Ark.) No. 4:22-cv-93-JM
Joint Motion for Approval of Liability Settlement

2. Defendant denied any violation of the law whatsoever and averred that Named Plaintiff was at all times correctly paid for all hours worked. *See* ECF No. 4. Accordingly, there is a bona fide dispute as to wages owed to Named Plaintiff and those similarly situated.

3. On July 19, 2022, the Court conditionally certified a collective of all dispatchers who had been employed by Defendant since February 2, 2019. *See* ECF No. 8. 3 individuals opted into the lawsuit ("Opt-In Plaintiffs"), for a total of 4 Plaintiffs.

4. The parties engaged in informal discovery regarding Plaintiffs' claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendant, as well as defenses. Defendant provided all available data as to the relevant time and payroll records.

5. Following negotiations between counsel, counsel for Plaintiffs calculated the maximum available damages for Plaintiffs based on the records provided, assuming the allegations in the Complaint as true. Using these damages, counsel for Plaintiffs conveyed a settlement demand to counsel for Defendant. A copy of this demand is attached hereto as Exhibit 1.

6. Defendant accepted Plaintiffs' demand and the parties entered into a Settlement Agreement and Release ("Agreement") resolving Plaintiffs' liability claims. A copy of the Agreement is attached hereto as Exhibit 2.

7. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.

Page 2 of 6
Cayla Jackson, et al. v. Prairie County, Arkansas
U.S.D.C. (E.D. Ark.) No. 4:22-cv-93-JM
Joint Motion for Approval of Liability Settlement

2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Nevertheless, for the avoidance of doubt, the Parties present their executed Agreement to the Court for review and approval.

8. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

9. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores*, 679 F.2d at 1353–54, n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. See *id.* at 1354 (contrasting settlements made in the context of a lawsuit, which provide "some assurance of an adversarial context," with settlements outside the context of a lawsuit, which are in "clear derogation…of the FLSA").

10. Under the terms of the settlement, Plaintiffs are receiving 100% of their damages as calculated by Plaintiffs' counsel, including liquidated damages. These

Page 3 of 6
Cayla Jackson, et al. v. Prairie County, Arkansas
U.S.D.C. (E.D. Ark.) No. 4:22-cv-93-JM
Joint Motion for Approval of Liability Settlement

damages calculations involved determining Plaintiffs' overtime premium rate and multiplying that rate by any hours Plaintiffs worked beyond 40 in any workweek. In addition, Plaintiffs estimated that they worked approximately 12.5 minutes off-the-clock per shift in preparing for each shift. In weeks in which Plaintiffs recorded any overtime, Plaintiffs' counsel multiplied 12.5 minutes by the number of shifts the Plaintiff worked that week to arrive at an alleged amount of "gap time" damages.

11. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have negotiated a separate amount of attorneys' fees and costs payable to Plaintiffs' counsel. These fees were negotiated at arm's length, separately and only after an agreement as to back wages payable to Plaintiffs was reached, and in addition to Plaintiffs' claims. When the settlement amounts were to be voted on by Defendant's quorum court, Plaintiffs' counsel advised that Defendant vote on the issue of Plaintiffs' liability settlement and the attorneys' fees payable to Plaintiffs' counsel separately and Defendant did in fact vote on the issues separately. As a result, the agreed upon fees do not affect or diminish the amount payable to Plaintiffs.

12. Because the attorney's fee was negotiated separately from the possible recovery to Plaintiffs, and because Plaintiffs are recovering 100% of their damages, no conflict could exist between Plaintiffs and their counsel and this resolution sufficiently resolves all matters before the Court. Accordingly, the Parties do not request this Court's approval of their settlement as to Plaintiffs' counsel's fees and costs. See

Page 4 of 6
Cayla Jackson, et al. v. Prairie County, Arkansas
U.S.D.C. (E.D. Ark.) No. 4:22-cv-93-JM
Joint Motion for Approval of Liability Settlement

*Barbee*, 927 F. 3d at 1027 ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

13. Accordingly, Plaintiffs and Defendant jointly seek approval of the Agreement and dismissal with prejudice of Plaintiffs' claims in this action.

WHEREFORE, Named Plaintiff, individually and on behalf of all others similarly situated, and Defendant, request that the Court enter an order approving the Agreement, dismissing Plaintiffs' claims with prejudice, and for all other relief to which they may be entitled.

Respectfully submitted,

**CAYLA JACKSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 6
Cayla Jackson, et al. v. Prairie County, Arkansas
U.S.D.C. (E.D. Ark.) No. 4:22-cv-93-JM
Joint Motion for Approval of Liability Settlement

      and   **PRAIRIE COUNTY, ARKANSAS, DEFENDANT**

*/s/ Michael A. Mosley*
Michael A. Mosley
Ark. Bar No. 2002099
JASON OWENS LAW FIRM, P.A.
Attorney for Defendant
Post Office Box 850
Conway, Arkansas 72032
Telephone: (501) 764-4334
Facsimile: (501) 764-9173
mosley@jowenslawfirm.com

**Page 6 of 6
Cayla Jackson, et al. v. Prairie County, Arkansas
U.S.D.C. (E.D. Ark.) No. 4:22-cv-93-JM
Joint Motion for Approval of Liability Settlement**