

Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy
Suite 510
Little Rock, Arkansas 72211

800-615-4946 (main)
888-787-2040 (facsimile)

WWW.SANFORDLAWFIRM.COM

JOSH SANFORD [1, 2, 3, 5, 6, 7, 8, 11, 14]
ANNA SANFORD STIRITZ
KRISTA SHEETS [2, 5, 12, 13] *
VANESSA KINNEY
STACY GIBSON
REBECCA MATLOCK
DANIEL FORD
SEAN SHORT [11]
COLBY QUALLS [2, 4, 5, 9, 10, 11]
SAMUEL BROWN [9, 11]
MICHAEL STIRITZ
LAURA EDMONDSON [1, 6, 11]

Of counsel:
JON R. SANFORD [11, 13]
KIRSTEN C. SANFORD

With offices in:
Little Rock, AR
Birmingham, AL
Chicago, IL
Denver, CO
Omaha, NE
Phoenix, AZ
San Antonio, TX
Seattle, WA

Also admitted to
practice in courts in:
1 - Colorado
2 - Illinois
3 - Michigan
4 - Missouri
5 - Nebraska
6 - New Mexico
7 - North Dakota
8 - Ohio
9 - Oklahoma
10 - Tennessee
11 - Texas
12 - Virginia
13 - Washington
14 - Wisconsin

* Not licensed in
  Arkansas state court

February 7, 2023

**FOR SETTLEMENT PURPOSES ONLY**
**FRE 408 COMMUNICATION**
**VIA EMAIL ATTACHMENT**

Michael A. Mosley
Jason E. Owens
JASON OWENS LAW FIRM, P.A.
Mailing: P.O. Box 850
Conway, Arkansas 72003-0850
1023 Main Street, Ste 204
Conway, Arkansas 72032
Telephone: (501) 764-4334
mosley@jowenslawfirm.com
owens@jowenslawfirm.com

  Re: Cayla Jackson, et al. v. Prairie County, Arkansas
     U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-93-JM

Dear Counsel,

I write to present Plaintiffs' initial settlement demand. Though the Parties have exchanged and produced some documents, discovery is still ongoing. With that in mind, this demand is made prior to the completion of discovery, and we anticipate that the damages number that we would seek at trial could change depending on what all is uncovered through discovery. At this time though, and per Plaintiffs' damages calculations, we are authorized to demand **$4,758.56** in damages to Plaintiffs, inclusive of liquidated damages, to settle this case. This amount does not include fees and costs, which we are happy to discuss after Plaintiffs' damages are resolved.

As you know, the FLSA requires employers to compensate employees both a minimum wage and overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 in a workweek, unless they meet the requirements of the various exemptions to the FLSA. *See* 29 U.S.C. § 201 *et seq*. The named Plaintiff, Cayla Jackson, worked both as a jailer and a dispatcher (at different times), while the other opt-in Plaintiffs worked as dispatchers only. Defendant elected to a modified work period under 29 U.S.C. § 203 for both of these positions. However, pursuant to 29 C.F.R. § 553.211(g), a dispatcher is expressly not included in the term

"employee in law enforcement activities." Due to this misclassification, Plaintiffs did not receive an overtime premium for all of their recorded overtime hours. In addition to this misclassification, Plaintiffs also performed some work off-the-clock for which they were not compensated.

As pled in the Complaint, Plaintiffs were required to arrive to their shift 10 to 15 minutes before their scheduled start time. However, Plaintiffs were not compensated for this time prior to their scheduled start time. Plaintiffs estimated this off-the-clock work by multiplying 12.5 minutes by the number of shifts they worked during a pay period. In addition, Plaintiff Jackson also contends that on two separate occasions she worked a full twelve hour shift without receiving any compensation for that shift. For Plaintiff Jackson then, her total off-the-clock work estimate includes the pre-shift time as well as these two other occasions.

In terms of calculating their unpaid overtime damages for their recorded hours, Plaintiffs are entitled to half their regular rate multiplied by the number of improperly compensated overtime hours. In terms of calculating their unpaid overtime damages for their off-the-clock work, Plaintiffs are entitled to their full overtime rate multiplied by the number of uncompensated off-the-clock hours.

The breakdown of damages for unpaid wages for each member of the collective is listed below. We are including PDFs of our damages calculations for each Plaintiff for FRE 408 purposes only. As indicated above, because we are still in the midst of discovery, these damages amounts are subject to change depending on what else is uncovered during the course of discovery.

- Vickie Dougherty: Approximately 56 hours of unpaid overtime damages for her recorded hours, and approximately 12.5 hours of unpaid overtime damages for her off-the-clock work; owed $441 in unpaid overtime wages
- Garrett Gentry: Approximately 1.46 hours of unpaid overtime damages for his off-the-clock work; owed $22.50 in unpaid overtime wages. Due to the size of Mr. Gentry's potential damages, we would request a minimum amount of $100 in damages for Mr. Gentry to have his wage claims resolved as part of the collective. In the alternative, if Defendant is not interested in paying this minimum amount in damages for Mr. Gentry, we could withdraw his consent to join and dismiss his claims without prejudice instead.
- Chasity Howell: Approximately 28 hours of unpaid overtime damages for her recorded hours, and approximately 7.92 hours of unpaid overtime damages for her off-the-clock work; owed $251.69 in unpaid overtime wages
- Cayla Jackson: Approximately 89 hours of unpaid overtime damages for her recorded hours, and approximately 77.54 hours of unpaid overtime damages for her off-the-clock work; owed $1,386.59 in unpaid overtime wages

Plaintiffs are also entitled to liquidated damages in an amount equal to the compensatory damages. Liquidated damages are the norm when an FLSA violation is found. *Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 920 (8th Cir. 2010); *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*,

518 F.3d 1259, 1272 (11th Cir. 2008). In fact, it is the employer, not the employee, who carries the burden of proof to avoid liquidated damages, and that burden "is a difficult one." Id.

The named Plaintiff, Ms. Jackson, would likely also be entitled to a service award for representing the collective. "Incentive awards are commonly awarded to those who serve the interests of the class." *Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *6 (N.D. Ill. Nov. 29, 2016). We would seek approximately $500 as a service award for Ms. Jackson.

As you also know, plaintiffs who prevail in FLSA cases are entitled to an award of a reasonable attorney's fee. However, this is an issue that can be taken up separately and without regard to the Plaintiff's FLSA damages. *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019).  As a matter of course, we prefer to negotiate the reasonable attorney's fee separately and can discuss that issue if and when a settlement on liability is reached.

Plaintiffs' demand, which is based on the information currently available to Plaintiffs through limited discovery, can be summarized as follows:

> Compensatory damages for unpaid wages: $2,079.28
> Liquidated damages for unpaid wages: $2,079.28
> Service award for Cayla Jackson: $500
> Set minimum amount of damages for Garrett Gentry: $100
> Total (not including fees and costs): $4,758.56

Plaintiffs additionally propose the following non-monetary terms:

- Defendant shall provide a neutral reference to any prospective employers, providing only dates of employment and pay.
- The Agreement may be signed and delivered electronically.
- Plaintiffs shall release their Wage and Hour claims only and will release no other claims.
- Payment is to be delivered within 14 days from the date the signed agreement is presented to Defendant.
- Defendant shall reissue lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel.

I am happy to discuss any of this further with you. I am optimistic that we will be able to resolve this case early without engaging in further litigation.

Thank you for your time and attention to this matter.

    Sincerely,
    SANFORD LAW FIRM, PLLC

    */s/ Colby Qualls*

Colby Qualls
Attorney at Law