## **LIABILITY SETTLEMENT AGREEMENT AND RELEASE**

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Cayla Jackson ("Named Plaintiff"), individually and on behalf of the Opt-In Plaintiffs (together with Named Plaintiff, "Plaintiffs"), and Prairie County, Arkansas ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2. Statement of Pending Claims. On February 2, 2022, Named Plaintiff filed the Civil Action, *Cayla Jackson, et al. v. Prairie County, Arkansas*, No. 4:22-cv-93-JM in the United States District Court for the Eastern District of Arkansas (the "Action"). In the Action, Named Plaintiff claims that Defendant failed to pay Named Plaintiff and similarly situated employees their proper overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

3. Non-Admission. Defendant denies it or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4. Payments. In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs the total sum of **Four Thousand Seven Hundred Fifty-Eight Dollars and Fifty-Six Cents** ($4,758.56). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within fourteen (14) days from the date the Court approves this Agreement, in the following amounts:

> a. Defendant shall pay the gross sum of $4,758.56 to Plaintiffs (the "Settlement Fund") as set forth in Appendix A to this Agreement. Of this amount, $500.00 will be paid to Cayla Jackson as a service award in exchange for her signing of the global release herein and for her time spent litigating the Action, with no withholdings taken from the payment. Defendant will report this service award payment on IRS Forms 1099.
>
> b. Defendant shall deliver to the Sanford Law Firm separate checks for each Plaintiff for payments from the Settlement Fund, other than the service awards to Named Plaintiff. The checks will be

allocated as wages, and Defendant shall withhold payroll taxes from the payments, which will be reported on an IRS Form W-2. Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel.

5.   <u>Dismissal of Claims with Prejudice</u>.   Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion to Approve Liability Settlement, in a form to be agreed upon by the Parties.

6.   <u>Release of Claims for Named Plaintiff</u>. In exchange for the promises contained herein, Named Plaintiff releases and discharges the Defendant, its representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims and rights of any kind that they may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with his employment with Defendant from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA or the AMWA or any other applicable federal, state, or laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs. This release specifically excludes Named Plaintiff's claims for attorneys' fees and costs in the Action, which will be resolved via separate agreement.

7.   <u>Release of Claims for Opt-In Plaintiffs</u>. In exchange for the promises contained herein, Opt-In Plaintiffs hereby fully, finally and forever release and discharge Releasees from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Named Plaintiff signs this Agreement, against Releasees for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure

to properly pay such to Opt-In Plaintiffs under the FLSA and AMWA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages. This release specifically excludes Plaintiff's claims for attorneys' fees and costs in the Action, which will be resolved via separate agreement.

8. <u>Covenant Not to Sue</u>. Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

9. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

11. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

13. <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

16. <u>Cooperation and Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**NAMED PLAINTIFF:**                **DEFENDANT:**

*Cayla Jackson*                      *Prairie County, AR*

**Cayla Jackson**                    **Prairie County, Arkansas**

                                     By (print): LAWRENCE Holloway, Judge

Date: 04 / 25 / 2023                 Date: 4/25/2023

- 4 -