IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAYLA JACKSON, *Individually and on Behalf
of All Others Similarly Situated*                                                    PLAINTIFFS

VS.                                    4:22-CV-00093-JM

PRAIRIE COUNTY, ARKANSAS.                                               DEFENDANT

## ORDER

The Joint Motion to Approve Settlement (Doc. No. 16) is DENIED, without prejudice.

When the motion is re-filed, the parties must attach all correspondence related to settlement negotiations, Plaintiffs' billing records, and a declaration by Plaintiffs' counsel regarding whether they will be enforcing the contingency fee agreement.

Additionally, the proposed settlement agreement lists only Cayla Jackson, but claims that the money being paid is to Plaintiffs (plural). The parties must clarify whether this settlement involves just Ms. Jackson or the three joining Plaintiffs as well.  If it involves four Plaintiffs, the individual settlement amounts need to be allocated separately.

Finally, the settlement agreement includes a release of claims, "whether now known or unknown," under Title VII, the ADA, FMLA, ADEA, etc.  However, "the law prevents Defendant from eliciting a waiver of nonwage-related claims . . . ."[1]  If the parties believe that some exception applies, they should provide the authority.

IT IS SO ORDERED this 1st day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *Kappelmeier v. Wil-Shar, Inc.*, No. 5:18-CV-05181, 2019 WL 4229686, at *3 (W.D. Ark. Sept. 4, 2019); see also, *King v. Rockline Indus., Inc.*, No. 2:20-CV-02188, 2021 WL 3612281, at *2 (W.D. Ark. Aug. 13, 2021) ("The parties have not shown the settlement of non-wage related claims is not consideration for the settlement of wage related claims. Because the law prevents Defendant from eliciting a waiver of non-wage related claims, the Court will not approve provisions effecting a general release.").